**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZENON HUAMAN, <br><br> Defendant. | Case No.  22-cv-05796-BLF <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED BY THE COURT** <br><br> [Re:  ECF No. 28] |

Plaintiff Innovative Sports Management, Inc., ("ISM") filed this action against Defendant Zenon Huaman for the alleged unlawful interception and exhibition of a soccer match for which ISM owned exclusive television distribution rights.  The case was originally assigned to a magistrate judge.  After Huaman did not appear and timely respond to the complaint, the Clerk of the Court entered default against him.  ISM subsequently filed an application for default judgment. Because not all parties had consented to magistrate judge jurisdiction, the magistrate judge ordered that the case be reassigned to a district judge and recommended that the newly assigned district judge grant the application for default judgment and award $1,100 in statutory damages.  The magistrate judge's recommended damages award was less than the amount ISM requested.

The case was subsequently reassigned to this Court, and ISM filed a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge.  Mot., ECF No. 28.  ISM asks the Court to award $3,000 in statutory damages, $18,000 in enhanced damages, and $550.00 in conversion damages.  Mot. 10.  No opposition has been filed.

For the following reasons, ISM's Application for Default Judgment is GRANTED and its Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge is

GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

ISM is a commercial distributor and closed-circuit licensor of sports and entertainment television programming. Compl. ¶¶ 16, 19, 42, ECF No. 1; Pls. Aff. Supp. Pl.'s App. For Default J. ("Jacobs Aff.") ¶ 3, ECF No. 12-3. By contract, ISM held exclusive nationwide distribution rights to the *Peru v. Bolivia Soccer Match* event ("the Program"), which was telecast on October 10, 2021. Compl. ¶ 16; Jacobs Aff. ¶¶ 3-4; Jacobs Aff. Ex. 1 ("Media Rights Agreement"). Commercial establishments were not permitted to exhibit the event unless authorized to do so by ISM. Compl. ¶¶ 17-18; Jacobs Aff. ¶ 3.

On the date of the telecast, private investigator Mario Galvez observed the alleged unlawful exhibition of the event on a television at Jess's Place, a commercial establishment in San Jose, California. Galvez Decl. ¶¶ 3, 5, ECF No. 20; Galvez Aff. 2, ECF No. 12-2. Galvez photographed a satellite dish on the roof of the building and this photograph was authenticated by his supplemental declaration. Galvez Aff. 2; Galvez Decl. ¶ 7. No cover charge was required to enter the restaurant to watch the Program, nor was the purchase of food or drink required. Galvez Aff. 2. Galvez reported the capacity of the restaurant to be approximately forty people. Galvez Aff. 2. During the thirteen minutes he was there, Galvez conducted three headcounts and counted twenty people each time. Galvez Aff. 2.

On October 6, 2022, ISM filed this action against Huaman, the primary owner and licensee on the California Department of Alcoholic Beverage Control License issued to Jess's Place. Compl. ¶ 8. ISM's complaint asserts claims for violation of the Federal Communications Act of 1934, 47 U.S.C. § 605 (claim 1); violation of the Cable & Television Consumer Protective and Competition Act of 1992, 47 U.S.C. § 553 (claim 2); common law conversion (claim 3); and violation of California Business and Professions Code § 17200 (claim 4). Compl. ¶¶ 15-47. Huaman was served with the Complaint on October 19, 2022. Proof of Serv. Ex. A, at 2, ECF No. 7. Huaman has not appeared or otherwise filed a response to the complaint. On November 11, 2022, ISM filed a request for entry of default and served the request upon Huaman. Req. to

Enter Default 1, 3, ECF No. 8.[1]  The Clerk of the Court entered default on November 16, 2022.  Entry of Default, ECF No. 9.  ISM filed an application for default judgment on January 12, 2023.  App. Default J. ¶ 5, ECF No. 12.

On May 1, 2023, the magistrate judge to whom this case was assigned issued an Order for Reassignment to a District Judge and Report and Recommendation in which she recommended granting ISM's Application for Default Judgment.  R. & R. 10, ECF No. 21.  ISM timely moved for de novo determination of certain portions of the magistrate judge's Report and Recommendation on May 15, 2023, objecting to (1) the recommended award of $1,100 in statutory damages under 47 U.S.C. § 605; (2) the recommended denial of enhanced statutory damages; and (3) the recommended denial of conversion damages.  Mot. 3.

## II.   LEGAL STANDARD

"A district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *See* 28 U.S.C. § 636(b)(1)(C); Civ. L.R. 72–3(a).  A de novo review requires the Court to consider the matter anew, as if no decision previously had been rendered, and come to its own conclusion about those portions of the Magistrate Judge's findings and recommendations to which an objection was made. *See Ness v. Comm'r,* 954 F.2d 1495, 1497 (9th Cir. 1992).  A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

ISM does not object to the magistrate judge's recommendation to grant default judgment.  For that reason, the Court will accept this recommendation unless clearly erroneous or contrary to law.  In exercising its discretion to enter default judgment, the Court considers seven factors, commonly known as the "*Eitel* factors":

---

[1] Acknowledging that it may not recover under both 47 U.S.C. § 605 and 47 U.S.C. § 553, ISM did not seek default judgment on its claim under § 553.  *See* ECF No. 12-1 at 4; *see also J&J Sports Prods., Inc. v. Ro*, No. C 09-02860 WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010).  ISM also did not seek default judgment on its claim under California Business and Professions Code § 17200.

3

> (1) [T]he possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The Court agrees with the magistrate judge's application of the *Eitel* factors to the facts of this case. Accordingly, the Court finds that entry of default judgment is proper.

**A.     Statutory Damages Under 47 U.S.C. § 605(e)(3)(C)(i)(II)**

The magistrate judge recommends that the Court award ISM $1,100 in statutory damages under 47 U.S.C. § 605. R. & R. 10. This amount was determined by considering the $550 commercial license fee to broadcast the Program in an establishment the size of Jess's Place and doubling it to address deterrence of future misconduct. R. & R. 8. ISM objects to the amount awarded under § 605, asserting that the Court should increase the amount to more adequately compensate ISM and function as a more effective deterrent. Mot. 3.

The Federal Communications Act, 47 U.S.C. § 605, prohibits any person from receiving or transmitting "wire or radio" signals "except through authorized channels of transmission or reception." 47 U.S.C. § 605(a). An aggrieved party may recover a sum of not less than $1,000 and not more than $10,000 for each violation of § 605(a), as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). While there is no precise formula for calculating statutory damages under § 605, "[c]ourts in this district have taken various approaches, considering factors including whether the defendant was a repeat offender, use of cover charge, increase in food price during programming, presence of advertisement, number of patrons, number of televisions used, and impact of the offender's conduct on the claimant." *G&G Closed Circuit Events, LLC v. Omni Group Fin., Inc.*, No. 22-cv-02714-SI, 2023 WL 2456785, at *3 (N.D. Cal. Mar. 10, 2023) (internal quotations and citation omitted).

After a de novo review of the allegations and evidence, the Court agrees with the magistrate judge that ISM should be awarded $1,100. ISM presents no evidence or factual allegation that Huaman is a repeat offender. Huaman did not charge a cover for patrons to enter Jess's Place to watch the Program or require that patrons purchase food or drink. Galvez Aff. 2.

4

1  The restaurant was half full, with 20 patrons present. Galvez Aff. 2. ISM's investigator reported that prices were "fair," Galvez Aff. 2, and there is no evidence or allegation that Huaman increased food pricing during the Program. ISM presents no allegation or evidence that Huaman advertised the Program. There was one television set in the restaurant showing the Program. Galvez Aff. 2. Given these circumstances, the Court finds the $1,100 statutory damages award to be appropriate. Accordingly, ISM is awarded $1,100 in statutory damages under 47 U.S.C. § 605.

### B.     Enhanced Damages Under 47 U.S.C. § 605(e)(3)(C)(ii)

The magistrate judge recommends denying ISM an award of enhanced damages under 47 U.S.C. § 605 because there was insufficient evidence to show that Huaman previously violated the statute or "displayed the Program for a 'commercial advantage' or for 'financial gain.'" R. & R. 9. ISM objects to the denial of enhanced damages, arguing that the magistrate judge improperly required ISM to establish that Huaman made an "actual profit," when the statute requires only that Huaman acted for the purpose of financial gain. Mot. 3, 6-7. ISM concedes that "certain enhancement factors (e.g., repeat offender status, cover charge, or advertising) are not present in this case" but nevertheless requests that the Court presume that Huaman acted for the purposes of commercial advantage or private financial gain. *Id.* at 7.

The Court agrees with ISM that ISM is not required to allege or prove that Huaman profited from showing the Program for the Court to award enhanced damages. *Accord J&J Sports Prods. v. Miranda*, No. C-10-01810 JSW (DMR), 2011 WL 13384703, at *7 (N.D. Cal. July 11, 2011) ("[A]n award of enhanced damages pursuant to section 553 requires that an interception be committed 'willfully' and for 'commercial advantage,' not commercial gain. Therefore, Defendant's failure to profit from the interception is not dispositive."). However, courts have considered a defendant's actual profits as a factor in determining whether a plaintiff is entitled to enhanced damages. *See G & G Closed Cir. Events LLC v. Govan*, No. C 13-05488 SI, 2014 WL 2194520, at *1 (N.D. Cal. May 23, 2014); *see also Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000). It is unclear whether the magistrate judge impermissibly treated ISM's conclusory, thus inadequate, allegations about Huaman's profits as a bar to awarding enhanced damages or permissibly treated it as a factor in deciding whether to

award such damages. *See* R & R 9. The Court therefore reweighs the factors for determining whether to award enhanced statutory damages in its de novo review of the allegations and evidence.

Enhanced damages are available when the statutory violation was committed willfully and for the purpose of commercial advantage or private financial gain. *See* 47 U.S.C. § 605(e)(3)(C)(ii). While the Ninth Circuit has not articulated a test for determining when enhanced damages are appropriate, courts in this district have considered such factors as whether the defendant advertised the broadcast of the Program to entice a larger crowd, charged a cover to enter the establishment, charged a premium for food and drinks on the night the broadcast was shown, repeatedly violated the Act, or profited from the violation in order to determine whether Defendant's purpose was for financial gain or advantage. *See G & G Closed Cir. Events, LLC v. Zapata*, No. 5:18-CV-01103-EJD, 2019 WL 3891219, at *1 (N.D. Cal. Aug. 19, 2019) (internal quotations and citation omitted); *Govan*, 2014 WL 2194520, at *1.

As discussed above, Huaman did not charge a cover to patrons to enter the restaurant or require the purchase of food or drink on the day of the Program. Galvez Aff. 2. Huaman had one television set showing the Program and there were 20 patrons present in the restaurant. Galvez Aff. 2. ISM provides no evidence of prior violations, significant earnings by Jess's Place that night, or advertising of the exhibition of the Program to draw a larger crowd. *See* Galvez Aff. 2. Taking the allegations and evidence as a whole, ISM has not demonstrated its entitlement to enhanced damages.

### C. Conversion Damages

Finally, the magistrate judge recommends denying ISM damages for conversion because "statutory damages in the amount of $1,100 sufficiently compensate ISM and . . . this case does not present circumstances where an additional award would be justified." R. & R. 10. ISM objects to the denial of conversion damages noting that courts in this district have awarded damages for conversion in addition to statutory damages. Mot. 8. After de novo review, the Court grants ISM's request for damages for its conversion claim.

The elements of conversion are (1) ownership or right to possession of property; (2)

6

wrongful disposition of the property right; and (3) damages. *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992). "[P]roperty subject to a conversion claim need not be tangible in form; intangible property interests, too, can be converted." *Voris v. Lampert*, 7 Cal. 5th 1141, 1151 (2019). ISM has established the three elements of its conversion claim: ISM alleges that it owned the distribution rights to the Program, that Huaman misappropriated these rights through its interception of transmission of the program, and damages. *See* Compl. ¶¶ 34–36. The Court accepts these allegations as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

ISM has also established the amount to which it is entitled for Huaman's conversion of its distribution rights. Damages for conversion are first presumed to be the value of the property at the time of the conversion. Cal. Civ. Code § 3336. ISM has provided evidence that it would have charged Huaman $550 to sublicense the Program. Jacobs Aff. Ex. 3, at 22, ECF No. 12-3. Because Huaman did not enter into an agreement and pay the required fee, ISM is entitled to $550 in conversion damages.

## IV. ORDER

For the reasons stated above, ISM's Application for Default Judgment is GRANTED and ISM's Motion for Determination of Dispositive Matter Referred to Magistrate Judge is GRANTED IN PART and DENIED IN PART. ISM is awarded a total of $1,650: $1,100 in statutory damages under 47 U.S.C. § 605 and $550 in damages for conversion. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: June 23, 2023

_____
BETH LABSON FREEMAN
United States District Judge