UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZENON HUAMAN, <br><br> Defendant. | Case No.  22-cv-05796-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> [Re:  ECF No. 32] |

On June 23, 2023, the Court granted Plaintiff Innovative Sports Management, Inc.'s motion for default judgment in this commercial piracy case.  *See* ECF No. 30.  The Court awarded Plaintiff $1,650 in damages for conversion and pursuant to 47 U.S.C. § 553.  *Id.* at 7.  On July 7, 2023, Plaintiff filed an application for attorneys' fees and costs pursuant to 47 U.S.C. § 553(c)(2)(C).  ECF No. 32.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument.  The Court HEREBY VACATES the hearing scheduled for December 14, 2023.  *See* ECF No. 33.  For the following reasons, Plaintiff's application for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART.

**I.   LEGAL STANDARD**

47 U.S.C. § 553 provides, within the Court's discretion, for the recovery of costs and reasonable attorneys' fees to an aggrieved party who prevails.  47 U.S.C. § 553(c)(2)(C).  To calculate the amount of attorneys' fees, the Court uses the "lodestar" method.  *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citing *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000)).  The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.  *Id.*

The party seeking attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). This includes "submitting evidence of the hours worked, the rate charged, and that the rate charged is in line with the prevailing market rate of the relevant community." *G&G Closed Circuit Events, LLC v. Parker*, No. 3:20–cv–00801–BEN–RBB, 2018 WL 164998, at *2 (S.D. Cal. Jan. 19, 2021) (quoting *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006)). The relevant community is "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013) (quoting Pris*on Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)); see also *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1261–63 (9th Cir. 1987) ("The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.").

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986) (internal citations omitted). The district court must base its determination whether to award fees on its judgment as to whether "the work product . . . was both useful and of a type ordinarily necessary to advance the . . . litigation." *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003) (alterations in original) (quoting *Webb v. Bd. of Educ.*, 471 U.S. 234, 243 (1985)). "In determining a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive." *Defenbaugh v. JBC & Assocs., Inc.*, No. C-03–0651 JCS, 2004 WL 1874978, at *3 (N.D. Cal. Aug. 10, 2004) (citing *Chalmers*, 796 F.2d at 1210). Where there is no opposition to a motion, or where the instant action is routine or substantially similar to prior actions brought by the same attorney, a court may find requests for attorneys' fees excessive. *See, e.g.*, *Owens v. Brachfeld*,

No. C 07–4400 JF (PVT), 2008 WL 5130619, at *2 (N.D. Cal. Dec. 5, 2008) (reducing requested hours on basis that defendants did not oppose the summary judgment or fee motions, that motions were "a matter of course in [the attorney's] practice," and that the summary judgment motion was "almost identical" to one filed in another case); *Sanchez v. Bank of Am.*, No. 09–5574 SC, 2010 WL 2382347, at *5 (N.D. Cal. June 10, 2010) (reducing number of reasonable hours given that defendant had "defended itself in near-identical prior actions by other plaintiffs' represented by the same attorney).

## II. DISCUSSION

### A. Fees

Plaintiff's request for $8,286.05 in fees was calculated based on a timesheet in the Declaration of Thomas P. Riley that outlines the billable hours spent on the case. ECF No. 32-1, Ex. 1 ("Ex. 1"). However, this amount is not the product of contemporaneous time records. Rather, Plaintiff states: "Billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves. Having handled thousands of commercial signal piracy files over the last two plus decades, we are most capable of calculating billable hours for legal services rendered." ECF No 32-1 ("Riley Decl.") ¶ 7. The timesheet documenting billable tasks in the Riley Declaration is a reconstruction of 72 billing entries based on counsel's review of the case file and yields the following totals (*see* Ex. 1 at 10):

- Lead Attorney time: 5.90 hours at $600/hour = $3,540.00
- Research Attorney time: 10.25 hours at $325/hour = $3,331.25
- Administrative Assistant: 11.79 hours at $120/hour = $1,414.80

As an initial matter, the Court finds that Plaintiff requested reasonable hourly rates. *See Innovative Sports Mgmt., Inc. v. Arias*, No. C 22-05773 WHA, 2023 WL 4238494, at *1 (N.D. Cal. June 27, 2023) (approving hourly rates of $600 for Attorney Riley and $325 for a research attorney as reasonable); *J & J Sports Prods., Inc. v. Campos*, No. 5:13-CV-04257-BLF, 2014 WL 3593591, at *5 (N.D. Cal. July 18, 2014) ("The Court finds the hourly rates of $500, $275, and $200 to be reasonable for an attorney, associate attorney, and paralegal, respectively, of similar experience in the Northern District of California.").

3

However, the Court declines to award fees for any work billed by the administrative assistant. "An award of fees for time spent by an administrative assistant is not consistent with the practice in the Northern District of California." *Campos*, 2014 WL 3593591, at *5. Rather, "[s]uch fees should be subsumed in firm overhead." *Id.* (citing *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)); *see also J & J Sports Prods., Inc. v. Medoza-Lopez*, No. 17-cv-06421-YGR (JSC), 2018 WL 5099262, at *2 (N.D. Cal. Aug. 13, 2018), *report and recommendation adopted sub nom.* No. 17-CV-06421-YGR, 2018 WL 5099235 (N.D. Cal. Sept. 26, 2018). Accordingly, the Court reduces Plaintiff's request by $1,414.80.

The Court further declines to award fees for any work billed by the research attorney. Plaintiff requests $3,331.25 in attorneys' fees for an unnamed research attorney, for 10.25 billable hours at a rate of $325/per hour. Riley Decl. ¶ 6; Ex. 1 at 10. Plaintiff supports its motion for fees by providing cursory information about the research attorney's academic credentials, bar admission status, and employment at Mr. Riley's firm. *Id.* ¶ 3. But the motion and accompanying declaration don't even identify who this research attorney is by name, nor do they provide any information to substantiate that $325 is a reasonable hourly rate for a like attorney in this forum—a necessary component of the lodestar method. *See Jordan*, 815 F.2d at 1263 ("The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."). Plaintiff fails to include the type of details required for the Court to adequately assess the reasonableness of the fees requested. And numerous other judges have declined to award fees for the research attorney in identical circumstances. *G&G Closed Cir. Events, LLC v. Zarazua*, No. 20CV00816-LAB-MSB, 2022 WL 3019859, at *3 (S.D. Cal. July 29, 2022). Accordingly, the Court reduces Plaintiff's request by $3,331.25.

Plaintiff additionally requests $3,540.00 in attorneys' fees for the lead attorney, for 5.9 billable hours at a rate of $600/per hour. Riley Decl. ¶ 6; Ex. 1 at 10. The Court reduces the award hours by 2.4 hours. The claims here are nearly identical to those brought by Plaintiff and Mr. Riley in past cases. And as the Court describes below, many of the tasks are sufficiently brief

4

and repetitive that an experienced attorney like Mr. Riley could accomplish each one in less than a minute.

The Court finds the following entries unsuitable for full reimbursement:

| Date | Hours | Plaintiff's Description | Reduction (hours) | Reason for Reduction |
|---|---|---|---|---|
| 10/6/22 | 0.1 | Review of the Court's Order Assigning Case to Magistrate Judge Virginia K. DeMarchi (ECF #3) | 0.1 | ECF No. 3 is a short, boilerplate docket entry with no attached order. Review of this entry is a brief and repetitive task. |
| 10/6/22 | 0.1 | Review of the Court's Initial Case Management Scheduling Order (ECF #4) | 0.1 | ECF No. 4 is a two-page order that merely sets dates. Review of this order is a brief and repetitive task. |
| 10/10/22 | 0.1 | Review and Execution of the Court's Consent/Declination to Proceed Before US Magistrate Judge (ECF #6) | 0.1 | ECF No. 6 is a one-page form that requires only marking a single checkbox and signature. Review and execution of this document is a brief and repetitive task. |
| 2/13/23 | 0.1 | Review of the Clerk's Notice re: Motion Hearing (ECF # 13) | 0.1 | ECF No. 13 is a short docket entry with no attached order. Review of this entry is a brief and repetitive task. |
| 2/14/23 | 0.1 | Review and Execution of Certificate of Service re: ECF #13 (ECF #14) | 0.1 | Review and execution of a short boilerplate certificate of service is a brief and repetitive task. |
| 2/17/23 | 0.1 | Review of the Court's Order Granting Plaintiff's to Continue hearing re: Motion for Default Judgment (ECF #16) | 0.1 | ECF No. 16 grants a three-page proposed order drafted by Plaintiff. Review of this order is a brief and repetitive task. |
| 2/21/23 | 0.1 | Review and Execution of Certificate of Service re: Order # 16 (ECF # 17) | 0.1 | Review and execution of a short boilerplate certificate of service is a brief and repetitive task. |
| 3/21/23 | 2.0 | Preparation and Court Appearance hearing re: Default Judgment on March 21, 2023 | 1.0 | This was a 12-minute hearing and Mr. Riley routinely attends similar hearings. *See* ECF No. 18. |
| 3/21/23 | 0.1 | Review of the Court's Minute Entry for proceedings held before The Honorable Virginia K. DeMarchi re: Hearing on Default Judgment (ECF #18) | 0.1 | ECF No. 18 is a short docket entry with no attached order. Review of this entry is a brief and repetitive task. |

| Date | Hours | Plaintiff's Description | Reduction (hours) | Reason for Reduction |
|------|-------|-------------------------|-------------------|----------------------|
| 5/1/23 | 0.1 | Review of the Court's Order for Reassignment to a District Judge (ECF #21) | 0.1 | ECF No. 21 is a standard order that does not require in-depth review. Any review of this order is a brief and repetitive task. |
| 5/2/23 | 0.1 | Review and of the Court's Order Reassigning Case (ECF #22) | 0.1 | ECF No. 22 is a short, boilerplate docket entry with a one-page order. Review of this entry is a brief and repetitive task. |
| 5/2/23 | 0.1 | Review of Transcript Order for Proceedings held on March 21, 2023 before the Honorable Virginia K. DeMarchi re: Default Judgment (ECF #23) | 0.1 | ECF No. 23 is a short, boilerplate docket entry with a one-page attachment. Review of this entry is a brief and repetitive task. |
| 5/4/23 | 0.1 | Review of the Court's Transcript of Proceedings held on March 21, 2023 before The Honorable Virginia K. DeMarchi (ECF #27) | 0.1 | ECF No. 27 is a short hearing transcript that does not require in-depth review. Review of the transcript is a brief and repetitive task. |
| 5/18/23 | 0.1 | Review of the Clerk's Notice Resetting Motion Hearing (ECF #29) | 0.1 | ECF No. 29 is a short, boilerplate docket entry with no attached order. Review of this entry is a brief and repetitive task. |
| 6/23/23 | 0.1 | Review of the Court's Judgment (ECF #31) | 0.1 | ECF No. 31 is a boilerplate one-page order. Review of this entry is a brief and repetitive task. |

Accordingly, the Court further reduces Plaintiff's request by $1,440.00.

Given the foregoing, the Court finds it justified to reduce the requested fees award by $6,186.05. The Court AWARDS Plaintiff $2,100.00 in attorneys' fees.

**B.  Costs**

Plaintiff seeks costs in the amount of $1,594.50, consisting of $333.98 for an airline flight, $99.77 for Ubers, $402.00 for the complaint filing fee, $75.00 for service of process charges, $8.75 for courier chargers, and $675.00 for investigative expenses. Ex. 1 at 4.

Filing fees and service of process charges are typically recoverable. *See Campos*, 2014 WL 3593591, at *5. Travel costs may be reimbursed at the discretion of the court. *Arias*, 2023 WL 4238494, at *2 (awarding 50% of travel costs upon receipt of "documentation accurately reflecting those travel costs"). Investigative fees and courier fees are typically not recoverable. *G

6

*& G Closed Cir. Events, LLC v. Segura*, No. C 20-07576 WHA, 2021 WL 4978456, at *2 (N.D. Cal. Sept. 28, 2021) ("Pre-filing investigative costs are not costs incurred in prosecuting the lawsuit and thus not recoverable. The $625 investigative fee is also excessive because the investigation took around twelve minutes. The courier fees are likewise unnecessary.").

The Court finds that costs should be limited to the complaint filing fee and the service of process charges. The Court sees no receipt or invoice for flights or Uber rides other than in Plaintiffs' summary of costs. Ex. 1 at 10. Thus, the request for costs associated with flights and Uber rides is denied. Furthermore, the Court sees no reason to depart from it (*see* Riley Decl. ¶ 9) and other courts' (*see Segura*, 2021 WL 4978456, at *2) standard of denying investigative and courier costs in this type of case. Thus, reimbursement for travel, investigative expenses, and courier charges in the aggregate amount of $1,117.50 is denied. The Court AWARDS $477.00 in costs.

### III. ORDER

The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorneys' fees and costs. The Court AWARDS Plaintiff $2,577.00 in reasonable attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: November 3, 2023

_____
BETH LABSON FREEMAN
United States District Judge